```
ELECTRONICALLY FILED
Hot Spring County Circuit Court
Mayme Brown, Circuit Clerk
2017-Feb-24  15:08:16
30CV-17-61
C07D02 : 4 Pages
```

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
_____ DIVISION

JANA SKINNER                                                              PLAINTIFF

VS.                           NO. _____

EMPIRE EXPRESS, INC.;                                                 DEFENDANTS
JOHN DOE DRIVER AND
JOHN DOE ENTITIES 1-3

## COMPLAINT

COMES NOW the Plaintiff, Jana C. Skinner, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Jana C. Skinner was at all times relevant a citizen and resident of Mayflower, Faulkner County, Arkansas.

2. Defendant, Empire Express, Inc., is a corporation formed in Memphis, Shelby County, Tennessee that is registered to conduct business in Tennessee. The registered agent for service is Timothy Gatlin, located at 10001 Bentwood Tree Cove, Collierville, Tennessee 38017-9013 and whose principal address is 999 Channel, Memphis, Tennessee 38106.

3. The residency of Defendant John Doe Driver remains unknown.

4. The residency of the Defendants John Doe Entities 1-3 remain unknown.

5. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125, and it is attached hereto as Exhibit 1.

6. The incident giving rise to this cause of action occurred on Interstate 30 at mile marker 101 in Rockport, Hot Spring County, Arkansas.

### II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

**EXHIBIT A**

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

9. This is a negligence case which arises from a motor vehicle collision that occurred on October 08, 2016, on Interstate 30 in Rockport, Hot Spring County, Arkansas.

### IV. FACTS

10. On or about October 08, 2016, at approximately 1:30 p.m., Plaintiff was traveling west on Interstate 30, in a 2003 Ford Ranger.

11. At the same time, Joe Doe Driver was traveling west on Interstate 30, in an unknown tractor trailer, owned by John Doe Entities 1-3.

12. Plaintiff was traveling west bound on Interstate 30 at mile marker 101 when the John Doe Driver merged into Plaintiff's lane and struck Plaintiff on the right side and did not stop.

13. As a result of the collision, Ms. Skinner sustained personal injuries and damages.

### V. CAUSE OF ACTION NO. ONE- NEGLIGENCE OF JOHN DOE DRIVER

14. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

15. Defendant John Doe Driver was negligent in the following particulars:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b) Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c) Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d) Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g) Failing to keep his or her vehicle under control, in violation of the common law of Arkansas;

(h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i) Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(j) Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO
## RESPONDEAT SUPERIOR LIABILITY

16. Defendant John Doe Entities 1-3, are responsible and vicariously liable for the negligence of their employee/agent (John Doe Driver) under the legal doctrine of joint enterprise, *respondeat superior*, and/or the principles of agency as adopted in the State of Arkansas.

17. At the time of the collision, John Doe Driver was in the course and scope of his/her employment and/or agency for John Doe Entities 1-3.

18. The negligence of John Doe Driver is imputed to Defendants John Doe Entities 1-3, as a matter of law.

## VII. PROXIMATE CAUSATION

19. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

20. The negligence of John Doe Driver and John Doe Entities 1-3 proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## VIII. INJURIES AND COMPENSATORY DAMAGES

21. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

22. Ms. Skinner sustained personal injuries and damages as a result of the collision.

23. Ms. Skinner is entitled to the following damages:

    (a)    the nature, extent, duration, and permanency of her injuries;

    (b)    the full extent of the injuries she sustained;

    (c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

    (f)    the visible results of her injuries; and,

    (g)    any property damages she sustained.

24.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

### IX. DEMAND FOR JURY TRIAL

25.     Ms. Skinner hereby demands a trial by jury.

### X. DEMAND & PRAYER

26.     The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

27.     The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

    Respectfully Submitted,

    Attorneys for Plaintiff

By: _____
Jake Logan (Ark. Bar No. 2016133)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone: (501) 868-2500
Telefax: (501) 868-2508
jlogan@rainfirm.com

4

ELECTRONICALLY FILED
Hot Spring County Circuit Court
Mayme Brown, Circuit Clerk
2017-Feb-24  15:08:16
30CV-17-61
C07D02 : 1 Page

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
CIVIL DIVISION

JANA SKINNER                                                                       PLAINTIFF

VS.                              NO. _____

EMPIRE EXPRESS, INC.;                                                    DEFENDANTS
JOHN DOE DRIVER
AND JOHN DOE ENTITIES 1-3

STATE OF ARKANSAS   )
                    ) ss:
COUNTY OF Pope      )

Comes now Jake Logan, and states, upon oath, the following:

1. I represent Plaintiff Jana Skinner in the above matter.

2. Plaintiff Jana Skinner is seeking a judgment against unknown tortfeasors.

3. The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Driver and John Doe Entities 1-3, and will be named as such in the Plaintiff's Complaint.

4. Upon determining the identity of John Doe Driver and John Doe Entities 1-3, the Complaint will be amended by substituting the real name for the pseudo-name.

5. This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Jake Logan

2-24-2017
Date

SWORN AND SUBSCRIBED before me on the 24th day of February, 2017.

_____
Notary Public

My commission expires:

AMBER S. McDONALD
Notary Public
POPE COUNTY, ARKANSAS
My Commission Expires 05-12-2020
Commission # 12376714

THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS

CIVIL DIVISION

JANA SKINNER
Plaintiff

v.                                           No. 30CV-17-61

EMPIRE EXPRESS, INC.;
JOHN DOE DRIVER AND
JOHN DOE ENTITIES 1-3
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

EMPIRE EXPRESS, INC.

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) --- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas --- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Jake Logan, Rainwater Holt & Sexton, P.O. Box 17250 Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office
Hot Spring County Circuit Clerk
210 Locust Street
Malvern, AR 72104

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

No. _____   This summons is for *Empire Express, Inc.*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ \_\_\_\_.

PDF created with pdfFactory trial version www.pdffactory.com

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

PDF created with pdfFactory trial version www.pdffactory.com



Arkansas Judiciary

**Case Title:** JANA SKINNER V EMPIRE EXPRESS, INC ETAL

**Case Number:** 30CV-17-61

**Type:** SUMMONS - FILER PREPARED

So Ordered

LORI BURKS

Electronically signed by LABURKS on 2017-03-29 15:44:14  page 4 of 4

ELECTRONICALLY FILED
Hot Spring County Circuit Court
Mayme Brown, Circuit Clerk
2017-May-02 12:00:25
30CV-17-61
C07D02 : 8 Pages

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
SECOND DIVISION

JANA SKINNER     PLAINTIFF

VS.     NO. 30CV-17-61

EMPIRE EXPRESS, INC.;
JOHN DOE DRIVER; and
JOHN DOE ENTITIES 1-3     DEFENDANTS

## ANSWER TO COMPLAINT

Defendant Empire Express, Inc., for its answer to the complaint of plaintiff Jana Skinner:

1. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the plaintiff's complaint and, therefore, denies those allegations.

2. Admits the allegations in paragraph 2 of the plaintiff's complaint.

3. States that the allegations in paragraph 3 of the plaintiff's complaint do not pertain to and require no response from this defendant, but that to the extent a response is deemed required, those allegations are denied.

4. States that the allegations in paragraph 4 of the plaintiff's complaint do not pertain to and require no response from this defendant, but that to the extent a response is deemed required, those allegations are denied.

5. Admits that an affidavit from plaintiff's counsel is attached as Exhibit 1 to the complaint; states that the remaining allegations in paragraph 5 of the

1448583-v1

plaintiff's complaint contain legal conclusions to which no response is required, but that to the extent a response is deemed required, those allegations are denied.

6. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the plaintiff's complaint and, therefore, denies those allegations.

7. Admits that this Court has jurisdiction over the subject matter of the plaintiff's complaint in response to paragraph 7 of the plaintiff's complaint.

8. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the plaintiff's complaint and, therefore, denies those allegations.

9. States that the plaintiff's complaint speaks for itself; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the plaintiff's complaint and, therefore, denies those allegations.

10. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the plaintiff's complaint and, therefore, denies those allegations.

11. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the plaintiff's complaint and, therefore, denies those allegations.

12. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the plaintiff's complaint and, therefore, denies those allegations.

13. Denies that any negligence on the part of it or any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority was the proximate cause of the plaintiff's alleged damages; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the plaintiff's complaint and, therefore, denies those allegations.

14. Adopts and incorporates by reference paragraphs 1-13 above in response to paragraph 14 of the plaintiff's complaint.

15. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 15 of the plaintiff's complaint, including subparts (a) through (j).

16. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 16 of the plaintiff's complaint.

17. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 17 of the plaintiff's complaint.

18. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 18 of the plaintiff's complaint.

19. Adopts and incorporates by reference paragraphs 1-18 above in response to paragraph 19 of the plaintiff's complaint.

20. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 20 of the plaintiff's complaint.

21. Adopts and incorporates by reference paragraphs 1-20 above in response to paragraph 21 of the plaintiff's complaint.

22. Denies that any negligence on the part of it or any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority was the proximate cause of the plaintiff's alleged damages; and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the plaintiff's complaint and, therefore, denies those allegations.

23. Denies all allegations that pertain to it or to any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority in paragraph 23 of the plaintiff's complaint, including subparts (a) through (g).

24. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the plaintiff's complaint and, therefore, denies those allegations.

25. Joins in plaintiff's demand for a trial by jury in response to paragraph 25 of the plaintiff's complaint.

26. Denies that plaintiff is entitled to judgment in any amount against this defendant or any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority; and denies all other allegations in paragraph 26 of the plaintiff's complaint.

27. Denies that plaintiff is entitled to judgment for pre-judgment interest, post-judgment interest, expenses or costs, or any other relief against this defendant or any of its agents, employees, independent contractors, or any other individual driving on its behalf or under its authority; and denies all other allegations in paragraph 27 of the plaintiff's complaint.

28. Denies all material allegations in plaintiff's complaint not specifically admitted in this answer.

29. Affirmatively pleads all defenses available pursuant to Ark. R. Civ. P. 8(c) and Fed. R. Civ. P. 8(c).

30. Affirmatively pleads all defenses available, all limitations of damages and recovery, and all procedural requirements set forth in the Arkansas Civil Justice Reform Act of 2003, as amended (Ark. Code Ann. § 16-55-201, *et seq.*) to the extent applicable.

31. States affirmatively that any injuries or damages sustained by plaintiff proximately resulted from her own fault.

32. States affirmatively that any injuries or damages sustained by plaintiff proximately resulted from the fault of others for whom Empire Express has no responsibility or legal liability and move for the apportionment of fault pursuant to Ark. Code Ann. § 16-64-122.

33. States affirmatively that plaintiff has failed to mitigate her alleged damages.

34. States affirmatively that plaintiff's complaint fails to states facts upon which relief can be granted, which subjects plaintiff's complaint to dismissal pursuant to Ark. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(6).

35. States affirmatively that plaintiff's complaint is subject to dismissal pursuant to Ark. R. Civ. P. 4(b) and 12(b)(4), (5) and Fed. R. Civ. P. 4(b) and 12(b)(4), (5).

36. Affirmatively pleads that plaintiff has failed to cause sufficient process to be sufficiently served on Empire Express in strict compliance with the mandates of Ark. R. Civ. 4(b) and Fed. R. Civ. P. 4(b), thus depriving this Court of jurisdiction.

37. Asserts, by way of reservation, the defense of improper venue under Ark. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(3).

38. Hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery herein

and, thus, reserves the right to amend this answer to assert any such defenses prior to trial.

39.  Reserves the right to file an amended answer, counter-claim or third party complaint.

40.  Demands a trial by jury.

WHEREFORE, separate defendant Empire Express, Inc., prays that the plaintiff's complaint be dismissed and that it be awarded all just and proper relief, including costs and attorneys' fees.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: kwilson@wlj.com
>          mthompson@wlj.com
>
> By /s/ Michael A. Thompson
>    Kyle R. Wilson (89118)
>    Michael A. Thompson (2010146)
>
> *Attorneys for Defendant*
> *Empire Express, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which shall send notification of such filing to the following:

Mr. Jake Logan
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, Arkansas 72222

*Attorneys for plaintiff*

/s/ Michael A. Thompson
Michael A. Thompson