IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JANA SKINNER                                                                    PLAINTIFF


V.                              CASE NO. 6:17-CV-6040


EMPIRE EXPRESS, INC;
JOHN DOE DRIVER; and
JOHN DOE ENTITIES 1-3                                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Remand to State Court. ECF No. 6. Defendant

Empire Express, Inc., has filed a response. ECF No. 9. The Court finds this matter ripe for

consideration.

## I. BACKGROUND

Plaintiff filed her Complaint in the Circuit Court of Hot Spring County, Arkansas, on

February 24, 2017. ECF No. 1-1. Plaintiff's claims arise from an automobile collision that

occurred on October 8, 2016, in Hot Spring County, Arkansas. ECF No. 1-1, ¶¶ 10-12. In her

Complaint, Plaintiff demands "judgment against the Defendants for a sum in excess of that

required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully

compensate her for her damages." ECF No. 1-1, p. 4, ¶ 26.

On May 3, 2017, Defendant Empire Express, Inc., ("Empire Express") removed this

matter to the United States District Court for the Western District of Arkansas. In the Notice of

Removal, Empire Express stated that this Court has subject matter jurisdiction over this case due

to the facts that "this action is between citizens of different states, and the [amount] in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs." ECF No. 1, ¶

6. Subsequently, on June 1, 2017, Plaintiff filed the instant Motion for Remand to State Court. ECF No. 6.

## II. DISCUSSION

After reviewing the record and the parties' arguments, the Court finds that Plaintiff's Motion for Remand to State Court (ECF No. 6) should be granted.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may remove a case from state court only if the party shows that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Jurisdiction is determined from the date of removal, and the United States Supreme Court has long held that events occurring subsequent to removal may not oust a federal court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-91 (1938); *see also Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292). A party asserting diversity jurisdiction under 28 U.S.C. § 1332 bears the burden of proving, by a preponderance of the evidence, that there is complete diversity and that the amount in controversy is greater than $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *James Neff Kramper Family Farm P'ship v. IPB, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Bell*, 557 F.3d at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original). In general, the amount demanded in the Complaint will be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, a plaintiff's valuation of his own claim is relevant but not necessarily dispositive as to the amount in controversy. *See In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003); *Boone v.*

*State Farm Mut. Auto. Ins. Co.*, No. 1:15-CV-01047, 2015 WL 4977193, at *2 (W.D. Ark. Aug. 21, 2015) (finding that the amount in controversy was less than the jurisdictional threshold even though the plaintiff had alleged, as in this case, that the amount sought exceeded "the minimum requirements for jurisdiction in federal court based on diversity"); *Robertson v. 1859 Historic Hotels, Ltd.*, No. 4:06-CV-01727, 2007 WL 1288678, at *1-2 (E.D. Ark. May 1, 2007) ("Plaintiff's allegation in her Complaint that she believes her damages exceed $75,000 is not dispositive of the amount in controversy inquiry."). "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In the instant motion, Plaintiff asserts that "[t]his Court lacks jurisdiction to hear this case due to the amount in controversy being less than the seventy-five thousand dollars ($75,000) required for diversity jurisdiction." ECF No. 6, ¶ 2. As noted above, in her original Complaint Plaintiff demanded "judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages." ECF No. 1-1, ¶ 26. However, Plaintiff now claims that she "made a standard demand in her original Complaint so as to not cap damages, but recognizes it is unlikely a jury would award her that substantial of a verdict, but not wanting to prejudice her ability to be awarded a higher verdict." ECF No. 7, p. 1. Specifically, Plaintiff now states that:

> Plaintiff Skinner's total medical expenses are in the amount of $5,339.81, and her demand is for her medical expenses, past and future pain and suffering, and property damages she sustained. It is highly unlikely that any jury will award pain and suffering damages in an amount close to fifteen times the amount in medical expenses. This explanation in no way attempts to minimize the damages that Ms.

3

> Skinner did incur, instead Plaintiff moves only to show a realistic award in favor of the Plaintiff would not reach the required amount in controversy.

ECF No. 7, p. 4. Finally, Plaintiff argues that it is "Defendant's burden to prove by a preponderance of the evidence that the amount in controversy in this case is likely to exceed the $75,000 threshold" and that Defendant Empire Express has failed to carry that burden. ECF No. 7, p. 4. In response, Empire Express asserts that it has met its burden of proving that this Court has subject matter jurisdiction by a preponderance of the evidence. Empire Express argues that the damages sought in Plaintiff's Complaint as well as relevant case law clearly establish that the amount in controversy is above the jurisdictional threshold.

Turning to the issue of whether Defendant Empire Express has proven by a preponderance of the evidence that the requirements for federal diversity jurisdiction have been met, the Court notes that the parties do not dispute that there is complete diversity of parties. The parties currently named in this action are Plaintiff Jana Skinner, a resident of Arkansas, and Defendant Empire Express, a corporation whose principal place of business is in Tennessee. Therefore, it appears that there is complete diversity of parties.

Moving on to the amount in controversy, it seems that Defendant Empire Express bases its argument that the present amount in controversy is above the $75,000 threshold on the facts that (1) Plaintiff initially demanded damages over the jurisdictional threshold and (2) "Arkansas has no hard caps on any element of damages in a personal-injury case" (ECF No. 10, p. 4). Empire Express further supports its position by citing an opinion, *Bill Davis Trucking, Inc., v. Prysock*, 784 S.W.2d 755 (Ark. 1990), in which the Arkansas Supreme Court "affirmed a jury award of $198,000.00 based on only $4,086.61 in past medical expenses, which is approximately 25% less than the $5,339.81 of past medical expenses claimed by the plaintiff here." ECF No. 10, p. 4. Defendant Empire Express does not cite any other cases to illustrate that, even though

4

Plaintiff's claims reflect relatively modest medical expenses, the actual amount in controversy in such cases is over $75,000.

Although Plaintiff's Complaint indicates that the amount in controversy is "in excess of that required for federal court jurisdiction in diversity of citizenship cases," there is little in the record to support such an assertion. Further, in the present motion, Plaintiff states that she "incurred $5,339.81 in total medical expenses for her treatment related to the injury which forms the basis for this case." ECF No. 7, p. 1. Likewise, Plaintiff states that her demand for "a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases" was simply included pursuant to Arkansas Rule of Civil Procedure 8(a)[1] so as not to cap her damages.[2] All of these facts make it appear that, although Plaintiff demanded an award higher than the jurisdictional threshold, the actual amount in controversy is less than $75,000.

Although Defendant Empire Express has cited one case in which a jury awarded a sum well over the jurisdictional threshold in a personal injury case somewhat factually similar to the present controversy, it has failed to cite other relevant cases to illustrate that juries regularly award such large sums in simple automobile collision cases. Accordingly, Defendant Empire Express has not submitted sufficient evidence to show that it is more likely than not that the actual amount in controversy at the time of removal was more than $75,000. Therefore, the Court finds that Empire Express has failed to carry its burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction. Thus, this Court lacks subject matter

---

[1] Arkansas Rule of Civil Procedure 8(a) states, in relevant part:
> In claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount.

[2] Although the Court understands Plaintiff's reasoning, such pleading techniques are potentially problematic. Many defendants, as here, may see such a demand and believe the matter is eligible for adjudication in federal court and accordingly remove the case to federal court. Then, as here, the case will be removed to federal court when, upon examination, the federal court lacks subject matter jurisdiction over the controversy. Such improper removal protracts the litigation, adds expense for the parties, and needlessly congests the federal court docket.

jurisdiction in the present case and Plaintiff's Motion for Remand to State Court (ECF No. 6) should be granted.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Remand to State Court (ECF No. 6) should be and hereby is **GRANTED**. Accordingly, this action is hereby remanded to the Circuit Court of Hot Spring County, Arkansas, for further adjudication.

**IT IS SO ORDERED**, this 31st day of July, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge